# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN JONES, | : | Civil No. 3:19-CV-1657 |
| Plaintiff, | : | |
| v. | : | |
| LAUREL HARRY, SUPERINTENDENT OF SCI-CAMP HILL, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Plaintiff Martin Jones, a self-represented individual presently housed at the Camp Hill State Correctional Institution ("SCI–Camp Hill") in Camp Hill, Pennsylvania, commenced this civil rights action pursuant to 42 U.S.C. § 1983 after his personal and legal property was lost in transit between two facilities. (Doc. 1.) Presently before the court is Superintendent Harry's motion to dismiss. (Doc. 23.) For the reasons that follow, Defendant Harry's motion to dismiss will be granted based on Plaintiff's failure to allege that Superintendent Harry was personally involved in the purported constitutional violation. Plaintiff will be granted leave to file an amended complaint and name the individual John Doe Defendants.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 19, 2019, Jones filed this action concerning the loss or confiscation of his personal and legal property. He claims the loss of his legal documents impacted his ability to pursue appeals in various criminal proceedings. He names SCI-Camp Hill's Superintendent Laurel Harry and two John Does as Defendants. (Doc. 1.)

According to the allegations in the complaint, on November 20, 2018, in anticipation of his temporary transfer to another prison, Jones was required to pack up his personal and legal property for transport. The next day, his property was placed on a Pennsylvania Department of Corrections ("DOC") transport bus. (*Id.*, ¶ 8.) In the interim, Jones' transfer was cancelled; however, his property was not taken off the bus. (*Id.*, ¶ 19.)

On November 26, 2018, Jones was "packed up again" after learning he was being transferred "on writ" to SCI-Phoenix. (*Id.*, ¶ 10.) It was then that Jones learned from John Doe Officers that his legal work was lost in transit as it was not taken off the bus on November 21, 2018. (*Id.*, ¶¶ 10-13, 18.) On November 27, 2018, when Jones was boarding the transport bus at SCI-Camp Hill he was told to take his property receipt with him. (*Id.*, ¶ 21.) When Jones returned to SCI-Camp

Hill from SCI-Phoenix, he had two boxes of property in his possession. (*Id.*, p. 11.)[1]

Jones names Superintendent Harry as a Defendant because "[s]he is the overseer of prison staff" at SCI-Camp Hill. (*Id.*, ¶ 3.) He claims the loss of his legal property negatively impacted his ability to prove his innocence in recent criminal matters. (*Id.*, ¶ 26.) He seeks monetary damages from Superintendent Harry and the two John Doe Officers involved with the processing of his property.

On December 8, 2020, the court notified Jones that the John Doe Defendants could not be served due his failure to provide the court with sufficient information to effect service on them. (Doc. 18). On December 21, 2020, Jones identified John Doe 1 as SCI-Camp Hill's property Sergeant working the 6 a.m. to 2 p.m. shift on November 20, 2018 and November 26, 2018. (Doc. 20.) John Doe 2 is identified as the intake room Lieutenant at SCI-Camp Hill who worked the 6 a.m. to 2 p.m. shift on November 27, 2018. (*Id.*) However, Jones does not provide the court with the names of these individuals. (*Id.*)

Defendant Harry filed a timely motion to dismiss on February 8, 2021. (Doc. 23.) Jones filed an opposition brief on March 10, 2021. (Doc. 25.) Defendant Harry did not file a reply brief.

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

## JURISDICTION

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district as the alleged acts and omissions giving rise to the complaint occurred at SCI-Camp Hill in Cumberland County, Pennsylvania, which is in this district. *See* 28 U.S.C. § 118(b); 28 U.S.C. § 1391(b)(2).

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines

whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), *as amended* (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014). A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

### A. Jones fails to State a Claim against Superintendent Harry

Section 1983 provides that persons acting under color of state law may be held liable if they deprive an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See* 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured

by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1998); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey,* 481 F.3d 187, 210 (3d Cir. 2007). "[A] government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 71 (3d Cir. 2011). "[T]here are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiffs rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quotation and alteration marks omitted). Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode v. Dellarciprete,* 845 F.2d 1195, 1208 (3d Cir. 1988).

Defendant Harry contends that Jones has failed to demonstrate her personal involvement in the alleged violation of his constitutional rights. She also alleges

6

any official capacity claims are barred by the Eleventh Amendment. (Doc. 24.) Most of Jones' 130-page opposition brief is beside the point, as it details his dissatisfaction with his criminal defense attorney's representation in his various Bucks County Court of Common Pleas criminal matters.[2] (Doc. 25.)

Construing the allegations of the complaint in the light most favorable to Jones, the court finds his claim against Superintendent Harry is based strictly on her role as Superintendent at SCI-Camp Hill on a theory of *respondeat superior*. Plaintiff does not allege any facts to suggest that Superintendent Harry had contemporaneous knowledge of the transfer or handling of his property or participated in or approved the alleged actions of the two John Doe officers in November 2018 that led to the claim.

In his opposition brief, Jones briefly states that Superintendent Harry failed to train her John Doe employees "of possible civil rights violations of sending inmates on writ or ATA without [their] legal work." (Doc. 25, ¶ F.) This new assertion was raised for the first in the brief in opposition, and therefore need no be considered. In any event, Jones fails to set forth a "failure to train" claim against Superintendent Harry. "[T]he inadequacy of … training may serve as the basis for

---

[2] To the extent Jones seeks to challenge his underlying convictions in this matter, he cannot do so. If he seeks to contest the validity of his conviction or sentence, such a claim is only properly brought as a petition for writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973); *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006).

§ 1983 liability only where the failure to train amounts to deliberate indifference to the rights of the persons with whom the [inadequately trained subordinates] come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Additionally, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). In the absence of such a pattern, a plaintiff must show that the harm suffered was "*so* predictable that failure to train the [subordinate] amounted to *conscious disregard*" for plaintiff's rights. *Id.* at 71 (emphasis in original). However, "[w]ithout notice that a course of training is deficient in a particular respect, decision makers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.* at 62. Here, Jones fails to allege that Superintendent Harry was on notice that her training program insufficiently prepared John Doe staff on how to monitor the shipment of inmate property when temporarily transferred for court matters. Plaintiff also does not allege a pattern of alleged constitutional violations occurring at SCI–Camp Hill due to similar training failures as the one he experienced in November 2018. Instead, Jones simply suggests that the actions the John Doe Defendants were due to a failed training policy. As such, he fails to state a failure to train claim against Superintendent

8

Harry or her personal involvement in the events leading to the loss of his legal property.

Defendant Harry also seeks the dismissal of any official capacity claims against her. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schools*, 341 F.3d 234, 238 (3d Cir. 2003). "Because the Commonwealth of Pennsylvania's Department of Corrections is part of the executive department of the Commonwealth, … it shares in the Commonwealth's Eleventh Amendment Immunity." *Lavia v. Pa., Dept. of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (citing 71 PA. STAT. § 61). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *See Hafer v. Melo*, 502 U.S. 21, 25-27 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Accordingly, to the extent alleged, Jones' official capacity claim against Superintendent Harry is dismissed with prejudice.

### B. Unserved John Doe Defendants

Presently, Jones has not presented sufficient information to the court to identify and serve the John Doe Defendants. Although Jones has an obligation to provide the requested information to the court for the purpose of service of process, the court recognizes that Jones is self-represented and proceeds *in forma*

*pauperis*. *See* Fed. R. Civ. P. 4(m) and 28 U.S.C. § 1915(d). As such, Jones shall promptly serve defense counsel with a discovery request, served pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, to learn the first name, surname, and addresses of John Doe Defendants who are allegedly responsible for mishandling his legal property. Jones will be directed to provide the court with the proper name and valid address where each John Doe Defendant may be served. Plaintiff's failure to provide this information will result in the dismissal of the complaint as to these defendants pursuant to Federal Rule of Civil Procedure 4(m), which requires that a defendant be served within 90 days after the complaint is filed.

    **C.**    **Leave to Amend**

The court will dismiss Jones' complaint against Superintendent Harry in her official capacity with prejudice. Jones's claims against Harry in her individual capacity will be dismissed without prejudice due to his failure to state a claim against her for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, because it is conceivable that Jones may be able to cure the deficiencies of his claim against Superintendent Harry (in her individual capacity), the court will grant him leave to file an amended complaint. If Jones decides to file an amended complaint, he must clearly label the document "Amended Complaint." It must bear the docket number assigned to this case (Civ.

No. 3:19-CV-1657) and must be retyped (double spaced) or legibly rewritten (double spaced) in its entirety, on the court-approved form.[3] In addition, any amended complaint filed by Jones supersedes (replaces) the original complaint already filed. It must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013). In other words, within the amended complaint, Jones must assert *all* claims he seeks to pursue against each individual Defendant related to the loss of his personal and legal property in November 2018.

If Jones fails to file a timely amended complaint on the court's form, and in compliance with the court's instructions, the court will dismiss Jones' claim against Superintendent Harry pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as well as his claims against the John Doe Defendants pursuant to Fed. R. Civ. P. 4(m). Plaintiff is reminded of his ongoing obligation to advise the court of any change of address. *See* M.D. Pa. LR 83.18. His failure to do so will be deemed as abandonment of the lawsuit resulting in the dismissal of the action.

---

[3] In the "Caption" section of the amended complaint, Plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

## CONCLUSION

For the above reasons, Defendant Harry's motion to dismiss will be granted. Jones' claims against Superintendent Harry in her official capacity will be dismissed with prejudice. His claims against Superintendent Harry in her individual capacity will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court will grant Jones leave to file an amended complaint. Additionally, Jones shall provide the court with the proper names and addresses of the unserved defendants. Failure to do so will result in the dismissal of claims against them pursuant to Fed. R. Civ. P. 4(m). An appropriate order will issue.

Dated: September 23, 2021

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania