IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN JONES, | : | Civil No. 3:19-CV-01657 |
| Plaintiff, | : | |
| v. | : | |
| LAUREL HARRY, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a motion to dismiss the federal claims and transfer the remaining state law claims to the appropriate state court filed by Defendants Brian Stubbs and Michael Proce. (Doc. 76.) Defendants' motion will be granted in part and denied in part. Plaintiff's third amended complaint has failed to state a claim under 42 U.S.C. § 1983, and the constitutional claims will be dismissed with prejudice. The court will dismiss the state law claims for lack of jurisdiction rather than transfer jurisdiction.

### PROCEDURAL HISTORY

Plaintiff Martin Jones ("Plaintiff"), an inmate currently housed at the State Correctional Institution Phoenix ("SCI-Phoenix")[1], initiated this action by filing a complaint against three defendants in September 26, 2019: (1) Laurel Harry ("Harry"), Superintendent at SCI-Camp Hill; John Doe I, Sargent in the property

---

[1] At the time of filing the complaint, Plaintiff was housed at SCI-Rockview. (Doc. 1.)

1

room at SCI-Camphill; and (3) John Doe II, Lieutenant in the intake room at SCI-Camp Hill. (Doc. 1.) The complaint alleged that while Plaintiff was housed SCI-Camp Hill, his legal paperwork and other personal property were packed up in anticipation of a transfer from SCI-Camp Hill. (*Id.*, p. 1.)[2] Plaintiff alleges that the property was loaded on the bus on November 21, 2018. (*Id.*) The transfer was then canceled. (*Id.*) On November 26, 2018, Plaintiff was packed up again and knew he was going to be transferred to SCI-Phoenix. (*Id.*) On November 26, 2018, Plaintiff asked Defendant John Doe I for his legal paperwork and was advised that his legal paperwork was lost in transit. (*Id.*) Based on these alleged facts, Plaintiff brought claims under the Fourth Amendment, Fifth Amendment, Eighth Amendment, and Fourteenth Amendment. (*Id.*, p. 7.)

 Defendant Harry returned a waiver of service on January 22, 2021. (Doc. 22.) On February 8, 2021 Defendant Harry filed a motion to dismiss, which was granted by the court. (Docs. 23, 31.) All claims against Defendant Harry in his official capacity were dismissed with prejudice and those raised against him in his individual capacity were dismissed without prejudice with leave to renew by filing an amended complaint. (Doc. 31.)

 Plaintiff then filed an amended complaint on November 22, 2021, which was accepted by the court on January 10, 2022. (Docs. 35, 40.) The amended

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

complaint named only Defendant Harry as a defendant and brought Fourth Amendment, Eighth Amendment, and Fourteenth Amendment claims based on the loss of Plaintiff's legal property. (Doc. 35.) Defendant Harry then filed a motion to dismiss in January of 2022, which was deemed withdrawn when she failed to file a brief in support. (Docs. 43, 45.) A renewed motion to dismiss was filed in February of 2022. (Docs. 46, 47.) Magistrate Judge Carlson entered a report and recommendation recommending that all claims against Defendant Harry be dismissed and directing Plaintiff to file a motion seeking leave to amend his complaint to properly identify the previously unidentified defendants. (Doc. 54.) Plaintiff filed a motion seeking leave to file a second amended complaint on March 17, 2022. (Doc. 55.) On May 2, 2022, the court adopted the report and recommendation and granted Plaintiff's motion to file a second amended complaint. (Docs. 60, 61.)

This second amended complaint named Defendant Brian Stubbs ("Stubbs") as the Sargent in the property room at SCI-Camp Hill and Defendant Michael Proce ("Proce") as the Lieutenant at the intake room. (Doc. 62, pp. 1–3.) Both Defendants Stubbs and Proce returned waivers of service. (Doc. 66.) They then

filed a motion to dismiss on July 18, 2022.  (Doc. 67.)  In response, Plaintiff sought leave to file a third amended complaint[3], which was granted.  (Docs., 72, 73, 74.)

This third amended complaint is the operative complaint in the matter.  It names Defendants Stubbs and Proce and raises claims under due process, interference with access to the court, and deliberate indifference stemming from the loss of Plaintiff's legal property during the transfer from SCI-Camp Hill.  (Doc. 74.)  Additionally, in his prayer for relief, Plaintiff lists the Pennsylvania Tort Claims Act ("PTCA").  (Doc. 74, p. 5.)  Defendants have filed a motion to dismiss this third amended complaint and transfer the remaining state claims to the appropriate state court.  (Docs. 76, 77.)  Plaintiff has filed a brief in opposition.  (Doc. 79.)  Defendants have not filed a reply.  The motion to dismiss is now ripe for adjudication by this court.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's §1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise

---

[3] Defendants identify this as the second amended complaint.  (Doc. 77.)  However, the court will refer to it as the third amended complaint.

to the claims occurred at SCI-Camp Hill, located in Cumberland County, Pennsylvania, which is located within this district.  *See* 28 U.S.C. § 118(b).

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most

5

favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245. A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly

dismissed without leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

**A. Plaintiff's Section 1983 Claims Will Be Dismissed With Prejudice.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Here, the alleged misconduct is the loss of his legal property.  However, nothing in the third amended complaint alleges that it was Defendants Stubbs or Proce who lost the legal property.  Although Plaintiff makes specific allegations about actions taken by Defendants Stubbs and Proce, he does not allege that they were responsible for or even involved with the *loss* of his legal paperwork.  Plaintiff alleges, in relevant part:

> On November 20, 2018, in anticipation of plaintiff's transfer to another prison, plaintiff was required to pack up his personal and legal property for transport.  The next day, plaintiff's property was placed on a Penn. (D.O.C.) transport bus.  In the interim plaintiff[']s transfer was canceled; however, plaintiff[']s property was not taken off the bus. On November 21, 2018, plaintiff was "packed up again" after learning plaintiff was being transferred "on writ" to SCI-Phoenix.  It was then that plaintiff learned from Brian Stubbs, property room SGT, that plaintiff[']s legal work, lost in transit, as it was not taken off the bus on November 21, 2018.  Brian Stubbs, property room SGT, placed a call to Michael Proce, intake room LT., got no answer.  On November 27, 2018, when plaintiff was boarding transport bus at SCI-Camp [H]ill,

> was told to take his property receipt with him, [a]nd ask Michael Proce, intake room, LT, for his legal work, I got yelled at and told to get on the bus. Plaintiff left SCI-Camp [H]ill with no property or legal work.

(Doc. 74, p. 4.) Instead, Plaintiff alleges that Defendant Stubbs attempted to assist him in locating his property and he fails to allege any action on the part of Defendant Proce related to the lost property. Since Plaintiff fails to allege any personal involvement on the part of Defendants in regard to the lost legal paperwork, his complaint will be dismissed.

The court notes that this is Plaintiff's fourth attempt at raising a claim under § 1983, and the second attempt at raising such claims against Defendants Stubbs and Proce. The facts in all of his complaints have been consistent with the allegations reproduced above. (Docs. 1, 35, 62.) Therefore, the court determines that any additional amendments by Plaintiff would be futile and will not grant Plaintiff leave to file another amended complaint.

**B. Plaintiff's PTCA Claims Will Be Dismissed.**

In the prayer for relief of the third amended complaint, Plaintiff lists the PTCA. (Doc. 74, p. 5.) This court has original jurisdiction over Plaintiff's federal 42 U.S.C. § 1983 claims, and supplemental jurisdiction over the state law claim–assuming there is a claim pursuant to the PTCA–as these claims arise from the same controversy. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1367(a).

8

Title 28 U.S.C. § 1367(c)(3) "provides that '[a] district court may decline to exercise supplemental jurisdiction over a claim'" if "the district court has dismissed all claims over which it has original jurisdiction." *Annulli v. Panikkar*, 200 F.3d 189, 202 (3d Cir. 1999), *overruled on other grounds by Rotella v. Wood*, 528 U.S. 549 (2000) (quoting 28 U.S.C. § 1367(c)(3)).  The court must determine whether exercising supplemental jurisdiction is appropriate, considering "judicial economy, convenience and fairness to the litigants." *New Rock Asset Partners v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1505 (3d Cir. 1996) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966)).  Given the language of section 1367(c)(3), it appears that dismissal of state-law claims is permitted on the sole basis that the federal claims have been dismissed.  *See Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009) ("Here, the District Court plainly recognized its discretion to retain jurisdiction over [the plaintiff's] remaining state-law claims but, having dismissed all of her federal claims, declined to do so for a reason that Congress explicitly green-lighted under these circumstances.").

As explained, the court is dismissing Plaintiff's section 1983 claims, which are the only claims over which it has original jurisdiction.  As for economy, convenience, and fairness, the court recognizes that the parties have invested a considerable amount of time and resources in this matter and that Defendants request that the case be transferred to the appropriate state court.  (Doc. 77.)

However, the Commonwealth of Pennsylvania has specifically provided, at 42 Pa.C.S.A. § 5103(b), that "[w]here a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2)."  In *Williams v. F.L. Smithe Machine Co., Inc.*, the Pennsylvania Superior Court stated:

> It is evident from the clear and unambiguous language of 42 Pa. C.S.A. § 5103(a) and (b), that if a matter is originally filed within the statute of limitations in the federal court, but is dismissed for lack of jurisdiction by the federal court, the litigant may then effect a transfer of the action to state court by complying with the provisions set forth in 42 Pa. C.S.A. § 5103(b)(2). The state court will treat the matter as if originally filed in the state court if the litigant complies with the dictates of 42 Pa. C.S.A. § 5103(b)(2).

577 A.2d. 907, 909 (Pa. Super. 1990), *app. denied*, 593 A.2d 422 (Pa. 1991). Therefore, the court will dismiss the PTCA claims for lack of jurisdiction and allow the parties to transfer the remaining state claim to state court pursuant to 42 Pa.C.S.A. § 5103(b).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss will be granted in part and denied in part. All § 1983 claims will be dismissed with prejudice. All PTCA claims will be dismissed for lack of jurisdiction. As this is Plaintiff's fourth complaint in this matter, the court has decided not to allow a curative amendment because it will be futile. *Phillips*, 515 F.3d at 245. Therefore, the case will be closed.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: February 15, 2022